IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DONA C. FENTON**,

    Plaintiff,

  v.

**CAROLYN W. COLVIN**,
Commissioner of Social Security,

    Defendant.

Case No. 6:14-cv-0350-SI

**OPINION AND ORDER**

Alan Stuart Graf, 208 Pine Street, Floyd, VA 24091. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEYS OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    On May 13, 2015, the Court granted the Commissioner of Social Security's ("Commissioner") motion for reconsideration and affirmed the Commissioner's decision finding Plaintiff not disabled. Dkts. 22 and 23. On May 14, 2015, Plaintiff filed an amended motion under Federal Rule of Civil Procedure 59(e), requesting that the Court amend or correct its

Opinion and Order on reconsideration and Amended Judgment affirming the case for an award of benefits. Dkt. 25.

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 424 (2012); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (citation and quotation marks omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks and citation omitted).

In deciding the Commissioner's motion for reconsideration, the Court found that its original Opinion and Order contained clear error or was manifestly unjust because it was based on an erroneous understanding of the factual record. Specifically, the Court had erroneously believed that Plaintiff sought medical treatment in February 2012, complaining of worsening headaches. No such visit had occurred. Instead, the record reflects that Plaintiff had not complained of headaches since April 2011, with the exception of a brief period where Plaintiff reduced the dosage of her medication.

Plaintiff argues that this fact does not change the Court's other findings and conclusions from the Court's original Opinion and Order, including that Plaintiff's past positive results from treatment and gaps in treatment, and Dr. Mia Schreiner's medical records, are not clear and

PAGE 2 – OPINION AND ORDER

convincing reasons to discredit Plaintiff. [1] Plaintiff's argument is unavailing. The Court's previous conclusions that Plaintiff's positive treatment results, gaps in treatment, and Dr. Schreiner's medical records were not clear and convincing reasons to discredit Plaintiff were incorrectly based on the Court's understanding that Plaintiff had returned in February 2012 complaining of headaches. The treatment picture is quite different, however, when viewed in the context that Plaintiff did not complain of headaches after her April 2011 visit.

Plaintiff also argues that the Court's footnote pointing out the fact that Dr. Schreiner's medical records contained unique factual discussions about each visit, and then a summary section that contained nearly identical wording for all visits, was relying on grounds the ALJ did not rely on in finding Plaintiff not disabled. First, the Court did not base its decision on this fact, but was merely noting its observation. Second, the ALJ found Dr. Schreiner's medical records to be inconsistent with her opinion and with Plaintiff's testimony, and thus the Court's review of Dr. Schreiner's medical records for inconsistency is consistent with the ALJ's reasoning. The Court is not permitted to affirm the Commissioner on a ground upon which the Commissioner did not rely, but the Court is permitted to consider additional support for a ground on which the ALJ relied. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006).

Finally, Plaintiff argues that the Court failed to address Plaintiff's argument that the sedentary job of Addresser (DOT 209.587-010) that the vocational expert ("VE") testified Plaintiff could perform was inconsistent with Plaintiff's limitation to occasional bilateral overhead reaching. The job of Addresser requires frequent "reaching." *See* 1991 WL 671797. Social Security Ruling 85-15 notes that "reaching" is "extending the hands and arms in any

---

[1] Plaintiff also argues that the Court's original conclusion regarding Plaintiff's activities of daily living should not be altered. In deciding the Commissioner's motion for reconsideration, the Court expressly declined to alter its previous conclusion regarding Plaintiff's activities of daily living.

PAGE 3 – OPINION AND ORDER

direction." *available at* 1985 WL 56857, at *7; *see also Strain v. Colvin*, 2014 WL 2472312, at *2 (C.D. Cal. June 2, 2014) ("The DOT does define reaching as 'reaching hand(s) and arm(s) in any direction.'") (alterations in original).

The job description for Addresser is "Addresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing. May sort mail." While this position requires frequent "reaching," it was reasonable for the VE to conclude that it does not require frequent "bilateral overhead reaching." *See Strain*, 2014 WL 2472312, at *2 ("While the DOT recognizes that reaching is required for these jobs, a reasonable person would conclude, once reviewing the job descriptions, that the two production jobs and the inspector job would not require frequent or constant overhead reaching."). It is not clear that the VE's testimony that Plaintiff could perform the position of Addresser was in conflict with the DOT, but if it was, it was adequately explained. When asked if her testimony was consistent with the DOT and if not, on what she relies, the VE testified that she relied on the DOT, the Occupational Outlook Handbook, the O*Net[2], and her years of experience, application in the field, job analyses, and understanding of the workplace. AR 61.

The VE's testimony, knowledge, and experience, combined with the observation regarding the job description for the Addresser position, provides sufficient evidence to supplement the DOT. *See Strain*, 2014 WL 2472312, at *2 (This [job description] observation combined with the VE's experience and knowledge of jobs provides the necessary substantial evidence to supplement the DOT."); *see also* SSR 85-15 (noting that where reaching is involved, the assistance of a VE may be needed to determine the effects of the reaching limitations). Thus,

---

[2] The Occupational Informational Network, which is a free online database that contains hundreds of occupational definitions to help readers understand the world of work in the United States.

PAGE 4 – OPINION AND ORDER

the ALJ did not err in accepting the VE's testimony that Plaintiff could perform the position of Addresser, and if there was error, it was harmless. *See Gallo v. Comm'r of Soc. Sec. Admin.* 449 Fed. App'x 648, 649-50 (9th Cir. 2011) (finding no prejudicial error in ALJ failing to include the plaintiff's overhead reaching limitation in the RFC because such a limitation would not have prevented the plaintiff from performing the sedentary jobs identified, including Addresser); *Strain*, 2014 WL 2472312, at *2 (finding the ALJ did not err in accepting VE testimony that the plaintiff could perform sedentary jobs that required frequent "reaching" with an RFC limitation to "no overhead reaching" with the right extremity); *Tate v. Colvin*, 2014 WL 1285888, at *21 (D. Ariz. Mar. 31, 2014) (finding the ALJ did not err in accepting VE testimony that the plaintiff could perform the position of Addresser with an RFC limitation to "no overhead reaching").

## CONCLUSION

Plaintiff's amended motion for an amended or corrected judgment (Dkt. 25) is DENIED. Plaintiff's original motion to alter or amend (Dkt. 24) is DENIED AS MOOT.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge